UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARY ELIZABETH SNEED,

    Plaintiff,

v.       Case No:   6:13-cv-1453-Orl-TBS

COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION,

    Defendant.

## ORDER[1]

This case comes before the Court on Shea A. Fugate's Unopposed Request for Authorization to Charge a Reasonable Fee and Memorandum on Reasonable Fees Pursuant to 42 U.S.C. § 406(b) (Doc 31).   The motion is due to be granted.

Plaintiff applied for disability insurance benefits on April 11, 2011 (Doc. 25 at 2). Her application was denied initially, on reconsideration, and following a hearing before an administrative law judge ("ALJ") (Id.).   She appealed the ALJ's decision to the Appeals Council which denied her request for review (Id., at 3).   Plaintiff retained attorney Shea A. Fugate who filed this case on her behalf, seeking judicial review of Defendant, the Commissioner of the Social Security Administration's final adverse decision (Doc. 1).

The Commissioner answered the complaint (Doc. 18); the Court entered a scheduling order (Doc. 20); and the case was briefed (Docs. 23-24).   The Court held that the ALJ had committed reversible error by rejecting, without substantial evidence, the opinions of three physicians, a treating chiropractor, and the reports of several MRI scans

---

[1] The parties consented to referral of this case to a magistrate judge and on April 11, 2014, the district judge entered an Order referring the case to the magistrate to conduct all proceedings and order the entry of final judgment in accordance with 28 U.S.C. § 636(c) and FED. R. CIV. P. 73 (Doc. 22).

and a nerve conduction test.   The Court said that the ALJ could not "play doctor" by substituting her own uninformed medical evaluations" for that of a medical professional (Doc. 25 at 11-12).   The Court entered an Order reversing and remanding the case to Defendant, and judgment for Plaintiff was entered on March 19, 2015 (Docs. 25-26).   The Court subsequently awarded Plaintiff $4,935.20 in attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A) (Doc. 30).

On remand, Plaintiff was awarded $69,968 in past due benefits (Doc. 31 at 2). Defendant withheld 25% of the award, totaling $17,492 to pay attorney's fees (Doc. 31-3 at 3).   When Plaintiff engaged her attorney, she agreed to pay a fee equal to 25% of any past due benefits awarded, minus EAJA fees (Doc. 31-1).   Of the funds withheld by Defendant, $6,000 has been paid Dane H. Villeneuve who represented Plaintiff at the administrative level (Doc. 31 at 2; Doc. 31-3 at 3).   Now, attorney Shea A. Fugate seeks a net award of $6,556.80, which is the amount withheld by Defendant minus the EAJA fees and the fee to Villeneuve.   Defendant does not oppose the motion (Doc. 31 at 8).

Pursuant to 42 U.S.C. § 406(b), an attorney who secures a favorable result for the client on remand from federal court may petition the Court for a fee not in excess of 25% of the total past-due benefits to which the claimant is entitled.   42 U.S.C. § 406(b)(1)(A). In capping the fee at twenty-five percent, "Congress ... sought to protect claimants against 'inordinately large fees' and also to ensure that attorneys representing successful claimants would not risk 'nonpayment of [appropriate] fees.'"   Gisbrecht v. Barnhart, 535 U.S. 789, 805 (2002).   "Within the 25% boundary ... the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered."   Id. at 807.

The Court finds the fee request to be reasonable.   It is consistent with the

agreement between the client and attorney.   Ms. Fugate undertook the representation on a contingent fee basis.   She expended 26.2 hours of billable time on the case before this Court (Doc. 23 at 2).   And, Ms. Fugate achieved an excellent result for Plaintiff.   For these reasons, the motion is **GRANTED** and the payment of § 406(b) fees **in the amount of $6,665.80** to Ms. Fugate is **APPROVED**.

**ORDERED and ADJUDGED** at Orlando, Florida on March 1, 2016.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record